UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABASS BARZGAR, Trustee of the
BEHPUR REVOCABLE TRUST,

    Plaintiff,

v.

TERESA PAYSINGER,

    Defendant.

No. 2:19-cv-2079-KJM-KJN

<u>ORDER</u>

        On October 17, 2019, defendant Teresa Paysinger, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. As explained below, the court REMANDS the case to the Sacramento County Superior Court.

        When a "civil action . . . of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

1

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction cannot be based on an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant's notice of removal asserts the court has federal question jurisdiction under § 1331 because plaintiff has discriminated against defendant by violating the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(A), by refusing to permit reasonable modification of the premises to defendant's roommate who is physically handicapped.  ECF No. 1 at 2 (citations omitted). The complaint is for unlawful detainer, and is a limited civil case making a "Demand Under $10,000." ECF No. 1 at 6—7.  No federal causes of action are asserted in the complaint.  *Id.*  Courts of this district routinely reject the same argument defendant advances here, and this court does the same. *See Robinson v. Wall*, No. 2:18-CV-00885-TLN-CKD, 2018 WL 1756439, at *2 (E.D. Cal. Apr. 12, 2018) (remanding unlawful detainer action where removing "[d]efendants assert[ed] subject matter jurisdiction by alleging violations of the FHA and federal civil rights law" because "removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question . . .") (citations omitted).  Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Because plaintiff's complaint does not show that it is based upon federal law, nor does it indicate diversity jurisdiction exists, there is no basis upon which this court may exercise jurisdiction.

The court sua sponte finds that it lacks subject matter jurisdiction and REMANDS this case to Sacramento County Superior Court.

IT IS SO ORDERED.

DATED:  October 21, 2019.

_____
UNITED STATES DISTRICT JUDGE

2